NO. 07-05-0393-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 21, 2006

_____

BARBARA STONE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-407,187; HON. JIM BOB DARNELL, PRESIDING

_____

***DISSENT***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

I respectfully dissent from the majority's opinion to the extent it holds that appellant's consent was voluntary and sufficiently attenuated from the illegal entry and detention. Simply put, there is no material distinction between the facts here and those in *Grimaldo v. State*, No. 07-04-0245-CR, 2006 Tex. App. LEXIS 1824 (Tex. App.–Amarillo March 8, 2006, no pet. h.); thus, the decision in *Grimaldo* controls the outcome at bar.

The decision to enter without a valid warrant was made once it was determined that the substance obtained from the house was contraband. That is, the officers "decided to

go ahead and make entry into the apartment, secure the persons inside, either until [they] could obtain a search warrant or [they] could obtain consent to search from whoever was in charge of the residence." So, the purpose of the officers was clear when they undertook to unlawfully enter the home with guns drawn. They were intent on conducting a search, one way or the other.

Additionally, it is difficult to deny that police observation of the contraband arose from the unlawful entry into and sweep of the location. Again, no warrant authorized the entry or a search, the contraband they sought was not within plain view, and mere minutes lapsed from the decision to undertake forced entry to the discovery of the cocaine.

Finally, while it may be that appellant was told of her right to refuse consent, one can only wonder if her response evinced a legitimate choice. By that time, the officers had already entered the home illegally with guns drawn, and seized all present without legal justification. Nothing of record suggests that the officers would have left the premises or momentarily released their detainees had consent been denied. The contrary would seem true given the general intent to search one way or another. Nor can I discount the undeniable affect on one's ability to think clearly of the unlawful presence of armed police officers roaming throughout the home.

As previously stated, the circumstances here are materially indistinguishable from those in *Grimaldo*. So, I conclude that appellant's motion to suppress should have been granted.

Brian Quinn
Chief Justice

Publish.

2